**GREGORY T. MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: elizabeth_barros@fd.org

Attorneys for Miguel Angel Rosas-Leon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARBARA L. MAJOR)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL ROSAS-LEON,<br><br>  Defendant. | Case No. 07CR3160-DMS<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |

MIGUEL ANGEL ROSAS LEON moves this court for an order requiring the Bureau of Prisons to permit him to telephone his witnesses without charge to him or the witnesses. Mr. Rosas-Leon does not object to monitoring of these phone calls, but asks the Court order the Bureau of Prisons not to divulge to the prosecution any recordings involving communications pertaining to his trial strategy.

**I.**

**FACTS**

Mr. Rosas-Leon is charged by indictment with violating 8 U.S.C. § 1326. On December 6, 2007, this Court granted Mr. Rosas-Leon's request to proceed *pro se*.

Mr. Rosas-Leon is currently incarcerated at the Metropolitan Correctional Center (MCC). The MCC requires that Mr. Rosas-Leon call his witnesses on the Inmate Telephone System, a system that requires either payment by Mr. Rosas-Leon or his witness. In a declaration to the Court, Warnden Paula Jarnecke avers that "there is no mechanism or procedure for permitting free telephone calls on the system

1  utilized by the inmates." The MCC does have phones capable of making free calls, which they have
2  made available to Mr. Rosas-Leon to make unmonitored contact with his standby attorneys. To date, the
3  MCC has not made arrangements to permit Mr. Rosas-Leon to use that system while monitored.

## II.

## ARGUMENT

The Sixth Amendment guarantees a defendant the right to represent himself in criminal proceedings. Faretta v. California, 422 U.S. 806, 821 (1975). When a client is indigent, this right includes access to resources necessary to competently present a defense. See Milton v. Morris, 767 F.2d 1443 (9th Cir.1985) (Holding that the right to self-representation necessarily includes and is premised upon the right of the defendant to prepare a defense.). The ability to communicate with potential witnesses is essential to effective self-representation. Id. ("An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense."). Compare United States v. Sarno, 73 F.3d 1470, 1491-1492 (9th Cir.1995) (Sixth Amendment satisfied when defendant permitted to "make monitored phone calls at all times, and. . . two unmonitored calls per day").

In this case, the Bureau of Prisons's policy deprives Mr. Rosas-Leon of access to his witnesses. Specifically, the Bureau of Prisons refuses to permit Mr. Rosas-Leon either to make unmonitored phone calls or to permit him to make monitored phone calls without charge.

Mr. Rosas-Leon respects the Bureau of Prison's safety interest in monitoring phone calls, and does not object to the monitoring of his phone calls. He asks, however, that the Bureau make arrangements for him to use the monitored system free of charge, or arrange for the monitoring of calls made off the Inmate Telephone System system. While this may result in inconvenience to the institution by requiring a modification of Bureau policy, that policy must bow to Mr. Rosas-Leon's constitutional right to a fair trial.

Mr. Rosas-Leon also renews his request for a protective order preventing the Bureau of Prisons from divulging to the prosecution any recordings involving communications pertaining to his trial strategy.

///

II.

**CONCLUSION**

For the foregoing reasons, Mr. Rosas-Leon asks the Court to grant his motions.

Respectfully submitted,

*/s/ Miguel Angel Rosas-Leon*

Dated: December 19, 2007        MIGUEL ANGEL ROSAS-LEON