**ELIZABETH M. BARROS**
California State Bar No. 227629
**GREGORY MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
gregory_murphy@fd.org

Standby Counsel for Mr. Miguel Angel Rosas-Leon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE DANA S. SABRAW**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL ROSAS-LEON<br><br>Defendant. | **CASE NO. 07-cr-3160-DMS**<br><br>DATE:  January 4, 2008<br>TIME:  11:00 a.m.<br><br>**NOTICE OF MOTIONS AND MOTIONS:**<br><br>**(1)  TO COMPEL DISCOVERY; AND**<br>**(2)  FOR LEAVE TO FILE FURTHER MOTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
CHRISTINA McCALL, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on January 4, 2008, at 11:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Miguel Angel Rosas-Leon, with standby counsel, Elizabeth M. Barros, Gregory T. Murphy and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//
//
//

## MOTIONS

The defendant, Miguel Angel Rosas-Leon, with standby counsel, Elizabeth M. Barros, Gregory T. Murphy and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) compelling discovery; and

2) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

                                                      Respectfully submitted,

                                                      /s/ *Miguel Angel Rosas-Leon*

Dated: December 28, 2007                  MIGUEL ANGEL ROSAS-LEON

1  **ELIZABETH M. BARROS**
   California State Bar No. 227629
2  **GREGORY MURPHY**
   California State Bar No. 245505
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
4  San Diego, California 92101-5030
   Telephone: (619) 234-8467
5  gregory_murphy@fd.org

6  Attorneys for Mr. Miguel Angel Rosas-Leon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA S. SABRAW)**

| UNITED STATES OF AMERICA, | ) CASE NO. 07-cr-3160-DMS |
|---|---|
| Plaintiff, | ) |
| v. | ) STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| MIGUEL ANGEL ROSAS-LEON | ) DEFENDANT'S MOTIONS |
| Defendant | ) |

**I.**

**STATEMENT OF FACTS**

The Government has charged Mr. Rosas-Leon with a violation of 8 U.S.C. § 1326.

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Rosas-Leon requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

//

1.       <u>The Defendant's Statements</u>. The government must disclose to Mr. Rosas-Leon *all* copies of any written or recorded statements made by Mr. Rosas-Leon; the substance of any statements made by Mr. Rosas-Leon that the government intends to offer in evidence at trial; any response by Mr. Rosas-Leon to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Rosas-Leon's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings that may have been given to Mr. Rosas-Leon; and any other statements by Mr. Rosas-Leon. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Mr. Rosas-Leon's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

Mr. Rosas-Leon specifically requests a copy of the audio recording of any alleged removal proceedings.

2.       <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Rosas-Leon also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Rosas-Leon or any other discoverable material is contained. Mr. Rosas-Leon includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> also <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Rosas-Leon are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3.       <u>Brady Material</u>. Mr. Rosas-Leon requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of

2

evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4.      <u>Any Information That May Result in a Lower Sentence</u>.  As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>, 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by Mr. Rosas-Leon, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines").  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Rosas-Leon's criminal history, or any other application of the Guidelines.

5.      <u>The Defendant's Prior Record</u>.  Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Mr. Rosas-Leon specifically requests a complete copy of any criminal record.

6.      <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

7.      <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8.      <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to any videotapes of Mr. Rosas-Leon's arrest, hospitalization and detention, his personal effects, and any evidence seized from

3

1  Mr. Rosas-Leon or any third party.  This request also includes any material or percipient witnesses
2  who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and
3  transients).  Mr. Rosas-Leon requests that the prosecutor be ordered to question all the agencies and
4  individuals involved in the prosecution and investigation of this case to determine if such evidence
5  exists, and if it does exist, to inform those parties to preserve any such evidence.
6  9.       Henthorn Material.  Mr. Rosas-Leon requests that the Assistant United States Attorney
7  ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of
8  each agent involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S.
9  437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable
10 evidence known to the others acting on the government's behalf in the case, including the police");
11 United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to,
12 any complaints filed (by a member of the public, by another agent, or any other person) against the
13 agent, whether or not the investigating authority has taken any action, as well as any matter for which
14 a disciplinary review was undertaken, whether or not any disciplinary action was ultimately
15 recommended.  Mr. Rosas-Leon further requests production of any such information at least one
16 week prior to the motion hearing and two weeks prior to trial.  If the prosecutor is uncertain whether
17 certain information should be disclosed pursuant to this request, this information should be produced
18 to the Court in advance of the motion hearing and the trial for an in camera inspection.
19 10.      Tangible Objects.  Mr. Rosas-Leon requests the opportunity to inspect, copy, and test,
20 as necessary, all other documents and tangible objects, including photographs, books, papers,
21 documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are
22 material to the defense or intended for use in the government's case-in-chief or were obtained from
23 or belong to Mr. Rosas-Leon.  Fed. R. Crim. P. 16(a)(1)(E).
24 11.      Expert Witnesses.  Mr. Rosas-Leon requests the name, qualifications, and a written
25 summary of the testimony of any person that the government intends to call as an expert witness
26 during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a description
27 of the witness' opinion(s), as well as the bases and the reasons for the opinion(s).  See United States
28 v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not

4

adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Ms. Rosas-Leon or any other witness. Mr. Rosas-Leon requests the notice of expert testimony be provided at a minimum of three weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings")

12.     Impeachment evidence. Mr. Rosas-Leon requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Rosas-Leon. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13.     Evidence of Criminal Investigation of Any Government Witness. Mr. Rosas-Leon requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14.     Evidence of Bias or Motive to Lie. Mr. Rosas-Leon requests evidence that any prospective government witness is biased or prejudiced against Mr. Rosas-Leon, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15.     Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. Ms. Flores requests any evidence, including any medical or psychiatric report or evaluation, tending

to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

16.     Witness Addresses. Mr. Rosas-Leon requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Rosas-Leon also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

17.     Names of Witnesses Favorable to the Defendant. Mr. Rosas-Leon requests the name of any witness who made any arguably favorable statement concerning Mr. Rosas-Leon or who could not identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164,1168 (6th Cir.1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

18.     Statements Relevant to the Defense. Mr. Rosas-Leon requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes grand jury transcripts that are relevant to the defense motion to dismiss the indictment.

19.     Jencks Act Material. Mr. Rosas-Leon requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that

6

1 interview notes constitutes Jencks material when an agent reviews notes with the subject of the
2 interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999).  Advance
3 production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Rosas-Leon
4 to investigate the Jencks material.  Mr. Rosas-Leon requests pre-trial disclosure of such statements
5 to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use
6 properly any Jencks statements during cross-examination.0

7 20.     Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Rosas-
8 Leon requests all statements and/or promises, expressed or implied, made to any government
9 witnesses, in exchange for their testimony in this case, and all other information that could arguably
10 be used for the impeachment of any government witnesses.

11 21.     Agreements Between the Government and Witnesses.  Mr. Rosas-Leon requests
12 discovery regarding any express or implicit promise, understanding, offer of immunity, of past,
13 present, or future compensation, or any other kind of agreement or understanding, including any
14 implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between
15 any prospective government witness and the government (federal, state and/or local).  This request
16 also includes any discussion with a potential witness about or advice concerning any immigration
17 benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made
18 or the advice not followed.

19 22.     Informants and Cooperating Witnesses.  Mr. Rosas-Leon requests disclosure of the names
20 and addresses of all informants or cooperating witnesses used or to be used in this case, and in
21 particular, disclosure of any informant who was a percipient witness in this case or otherwise
22 participated in the crime charged against Mr. Rosas-Leon.  The government must disclose the
23 informant's identity and location, as well as disclose the existence of any other percipient witness
24 unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 52, 61-62 (1957).  The
25 government must disclose any information derived from informants that exculpates or tends to
26 exculpate Mr. Rosas-Leon.

27 //
28 //

7

23.     <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Rosas-Leon requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio</u>, 405 U.S.

24. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

25.     <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Rosas-Leon requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Rosas-Leon. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

26.     <u>Training of Relevant Law Enforcement Officers</u>. Mr. Rosas-Leon requests copies of all written videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; © the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Mr. Rosas-Leon also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover contraband in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

27.     <u>Performance Goals and Policy Awards</u>. Mr. Rosas-Leon requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes

8

1  information concerning performance goals, policy awards, and the standards used by Customs for
2  commending, demoting, or promoting agents for their performance at the port of entry and their
3  success or failure to detect illegal narcotics in general.

4  28.      <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F),
5  Mr. Rosas-Leon requests the reports of all tests and examinations conducted upon the evidence in
6  this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this
7  case, that is within the possession, custody, or control of the government, the existence of which is
8  known, or by the exercise of due diligence may become known, to the attorney for the government,
9  and that are material to the preparation of the defense or are intended for use by the government as
10 evidence in chief at the trial.

11 29.      <u>Brady Information</u>.  The defendant requests all documents, statements, agents' reports,
12 and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the
13 credibility of the government's case.  Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment
14 as well as exculpatory evidence falls within the definition of evidence favorable to the accused.
15 <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

16 30.      <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar
17 acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would
18 be used to impeach as noted in Fed. R. Crim. P. 609.  In addition, under Fed. R. Evid. 404(b), "upon
19 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of
20 the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b)
21 at trial.  The defendant requests notice two weeks before trial to give the defense time to investigate
22 and prepare for trial.

23 31.      <u>Residual Request</u>.  The defendant intends by this discovery motion to invoke his rights
24 to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
25 Constitution and laws of the United States.

26 //
27 //
28 //

### III.

### **MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Rosas-Leon has not yet reviewed his A file or received a copy of his the recording of his alleged removal proceeding. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions or to supplement existing motions. Accordingly, Mr. Rosas-Leon requests leave to file further motions at a later date.

### IV.

### **CONCLUSION**

For the reasons stated, Mr. Rosas-Leon requests this Court grant his motions.

Respectfully submitted,

/s/ *Miguel Angel Rosas-Leon*

Dated: __December 28, 2007____     MIGUEL ANGEL ROSAS-LEON