UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07cr3160-DMS (BLM) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING IN PART AND** |
| ) | **DENYING IN PART DEFENDANT'S** |
| v. ) | **MOTION FOR MISCELLANEOUS** |
| ) | **RELIEF** |
| MIGUEL ANGEL ROSAS-LEON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On December 17, 2007, stand-by counsel for Defendant Miguel Angel Rosas-Leon requested a status hearing to permit Defendant to raise concerns he had regarding his ability to represent himself. The Court held the requested status conference the following day. Defendant stated several concerns regarding his ability to use the telephone service at the Metropolitan Correctional Center ("MCC") to contact potential witnesses. The Court advised Defendant that he had to make his arguments in writing and file them as motions. The Court granted Defendant's request to file his motion in a shortened time frame and set the hearing for December 20, 2007.

Attorney Nellie Torres Klein appeared at the December 18th hearing

on behalf of the MCC and submitted a declaration from Warden Paula Jarnecke explaining the MCC's telephone system and the accommodations that have been made for Defendant because he is representing himself. Doc. No. 13. Warden Jarnecke stated that Defendant has been provided unmonitored legal calls to his advisory counsel. Id. at 2. She further advised that Federal Bureau of Prisons' policy doesn't permit unmonitored calls to non-lawyers and that such calls "would be detrimental to the safe and secure operation of the institution." Id. at 2-3. Warden Jarnecke also advised that there "is no mechanism or procedure for permitting free telephone calls on the [monitored] system utilized by the inmates." Id. at 3.

On December 19, 2007, Defendant, acting *pro se* and with the assistance of stand-by counsel, filed a Motion for Miscellaneous Relief in which Defendant requested permission "to telephone his witnesses without charge to him or the witnesses." Doc. No. 15 at 1. Defendant stated that he did not object to monitoring of his phone calls, provided that communications pertaining to his trial strategy are not disclosed to the government. Id. The United States did not file an opposition.

On December 20, 2007, the Court heard oral argument on Defendant's motion. During the hearing, Defendant revised his argument and asserted that he wanted free unmonitored telephone calls like he had the last time he represented himself. Doc. No. 20 at 13-20. The attorney representing the United States requested an opportunity to respond in writing to Defendant's motion. Id. at 2. As a result, the Court issued a tentative ruling. The Court explained that a defendant who is representing himself has the right to contact potential witnesses but that there is no authority for Defendant's argument that he is entitled to free unmonitored phone calls to potential witnesses. See Doc. No.

15 at 2 (cases cited by Defendant do not mandate such access). The Court analogized Defendant's self-representation to the representation provided by attorneys appointed pursuant to the Criminal Justice Act ("CJA") in which the CJA attorneys are entitled to reimbursement for reasonable expenses. Accordingly, the Court tentatively ruled that Defendant's telephone calls to his potential witnesses would be made on monitored telephone lines for security reasons but that the United States Attorney's Office would not be able to obtain information about the substance of Defendant's conversations via subpoena. Doc. No. 20 at 11-12. Further, if Defendant wants to seek reimbursement for any of his telephone calls, Defendant must provide to the undersigned judge the names and telephone numbers of the potential witnesses as well as an explanation of how each witness may contribute to Defendant's defense. Id. at 7, 13.

Despite the government's request, the United States did not file an objection to Defendant's motion nor a response to the Court's tentative ruling. Defendant also did not file an objection to the Court's tentative ruling. Accordingly, on December 27, 2007, the Court affirmed its prior tentative ruling. Doc. No. 19 at 2.

For the reasons set forth above and in court, the Court issues the following rulings regarding Defendant's telephone use at the MCC:

1. Defendant may make unmonitored telephone calls to his stand-by counsel;

2. Defendant may make monitored telephone calls to potential witnesses. The United States Attorney's Office may not obtain access via subpoena to the substance of Defendant's monitored telephone calls to potential witnesses. If the United States Attorney's Office wants access to the substance of Defendant's telephone calls to potential

1  witnesses, it must apply to the undersigned judge.

2      3.  If Defendant wants reimbursement for any telephone calls made
3  to potential witnesses, Defendant must submit to the undersigned judge
4  in writing the names and addresses of the potential witnesses, as well
5  as an explanation of each person's relationship to Defendant's defense.
6  All such requests will be filed under seal.  If the undersigned judge
7  approves the request, Defendant may seek reimbursement for a reasonable
8  number and length of calls to each witness.

9      IT IS SO ORDERED.

10  Dated:     January 9, 2008

11      BARBARA L. MAJOR
    United States Magistrate Judge

13
14  cc: Defendant
All Counsel
Nellie Torres Klein,
15     Senior Counsel, MCC