**GREGORY T. MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org

Standby Counsel for Miguel Rosas-Leon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MIGUEL ROSAS-LEON,<br><br>　　　　　Defendant. | Case No. 07CR3160-DMS<br><br>DATE:　　May 16, 2008<br>TIME:　　11:00 a.m.<br><br>**NOTICE OF MOTION AND MOTION FOR MISCELLANEOUS RELIEF** |

TO:   KAREN P. HEWWIT, UNITED STATES ATTORNEY, AND
　　　CHRISTINA M. MCCALL, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on May 16, 2008, at 10:00 a.m., or as soon thereafter as defendant may be heard, the defendant, Miguel Rosas-Leon, with his standby attorneys, Elizabeth M. Barros, Gregory T. Murphy and Federal Defenders of San Diego, Inc., will ask this Court to enter an order requiring United States's Marshal's service to return him to MCC where he has access to the means to prepare a defense.

**I.**

**MOTION**

Miguel Angel Rosas-Leon, through undersigned standby counsel Gregory T. Murphy and Federal Defenders of San Diego, Inc., moves the Court for an order requiring United States's Marshal's service to return him to MCC where he has access to the means to prepare a defense.

This motion is based on the Fifth and Sixth Amendments to the United States Constitution, the following statement of facts and memorandum of points and authorities, and any evidence that may be

1  presented at the time of the hearing on this motion.

## II.

## FACTS

The Government has charged Miguel Angel Rosas-Leon with a violation of 8 U.S.C. § 1326. Although he has elected to proceed pro se, the Court has appointed Federal Defenders of San Diego, Inc. as his standby counsel.

From the date of his arrest on October 19, 2007 until April 25, 2008, Mr. Rosas-Leon was housed at the Metropolitan Correctional Center ("MCC"), a facility run by the United States Bureau of Prisons. At the MCC, Mr. Rosas-Leon had access to an extensive law library, which he used daily to research his case and prepare his defense. The government alleges that Mr. Rosas-Leon faces a maximum sentence of 20 years' imprisonment.

On Friday, April 25, 2008, Mr. Rosas-Leon was transferred to the Western Regional Detention Center ("WRDC"), a contract facility run by the GEO group. In conversation with counsel, the warden's office described the law library at WRDC as "primitive" compared with the library at MCC. GEO officials have not yet permitted Mr. Rosas-Leon to use their library.

## III.

## POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION

A defendant has a Sixth Amendment right to represent himself. Faretta v. California, 422 U.S. 806 (1975). The Ninth Circuit has held that "an incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985) (Due process violated when trial court and prison denied access to legal materials); See also Bribiesca v. Galaza, 215 F.3d 1015 (9th Cir. 2000)("An incarcerated criminal defendant who chooses to represent himself has a constitutional right to access to law books or other tools to assist him in preparing a defense.")(internal quotations omitted). This due process right is subject only to "justifiable" restrictions, such as safety concerns. E.g. United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978) (Defendant held in segregated confinement for threatening judge and repeatedly assaulting prison guards).

Mr. Rosas-Leon has been denied his constitutional right to access law books and other tools since

1 | his transfer to WRDC ten days ago. Moreover, even if the WRDC were to let him use the law library, their
2 | "primitive" law library likely would not meet due process standards. Compare Morris, 767 F.2d at 1444
3 | (Right to access to law books denied by library's antiquated volumes.). The Marshal's service has not offered
4 | any compelling justification for Mr. Rosas-Leon's transfer. In particular, there has been no suggestion that
5 | Mr. Rosas-Leon is dangerous. Mr. Rosas-Leon therefore asks the Court to order him transferred back to the
6 | MCC, where he can meaningfully exercise his right to represent himself.

Respectfully submitted,

DATED:  May 5, 2008           /s/ Miguel Rosas-Leon
                              **MIGUEL ROSAS-LEON**
                              Pro se Defendant

DATED:  May 5, 2008           /s/ Gregory T. Murphy
                              **GREGORY T. MURPHY**
                              Federal Defenders of San Diego, Inc.
                              Standby counsel for Mr. Rosas-Leon

3