```
KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant U.S. Attorney
California State Bar No. 234139
Office of the U.S. Attorney
940 Front Street, Room 5152
San Diego, California 92101-8800
Telephone: (619) 557-6760
christina.mccall@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3160-DMS |
| Plaintiff, ) | |
| v. ) | GOVERNMENT RESPONSE |
| ) | TO MOTION FOR MISCELLANEOUS |
| MIGUEL ROSAS-LEON, ) | RELIEF |
| ) | Hearing Date: May 16, 2008 |
| ) | Hearing Time: 11:00 a.m. |
| Defendant. ) | |

**I**

**INTRODUCTION**

The United States of America, by and through its counsel, Assistant United States Attorney Christina M. McCall, on behalf of the Metropolitan Correctional Center, San Diego, California (MCC San Diego), and the United States Marshals Service (USMS), hereby submits its response and opposition to defendant's motion to be transferred back to MCC San Diego.

Miguel Rosas-Leon, Register Number 17098-198, is a pretrial inmate currently confined at a private downtown facility owned and operated by the GEO Group under contract with the USMS.

Previously, he was confined at MCC San Diego. He was transferred from MCC San Diego to GEO after the institution learned the inmate was engaging in inappropriate conduct, including abusing his law library privileges. <u>See</u> Baird Decl. (Exhibit 1), ¶ 4. Arrangements had been made at MCC San Diego for Rosas-Leon to have greater access to the inmate law library, however, he abused that privilege by attempting to pass contraband in the library as explained in the attached declaration by Associate Warden (AW) Maureen P. Baird. <u>Id.</u> As a result, on April 25, 2008, Rosas-Leon was transferred from MCC San Diego to GEO. <u>Id.</u>

As Ms. Baird's declaration explains, Rosas-Leon was caught abusing his law library privileges and was becoming overly familiar with staff and the institution. <u>Id.</u> Of particular concern was the inmate's increasingly cavalier attitude and staff's failure to discipline Rosas-Leon's obvious misconduct. <u>Id.</u> at ¶ 5-6. As a result, MCC San Diego does not want Rosas-Leon to return to that facility. <u>Id.</u> at ¶ 9.

## II

### ARGUMENT

**A.   Inmates Have No Right to Be Housed In a Particular Prison**

Ordinarily, the Bureau of Prisons (BOP) may transfer an inmate from one prison to another, at any time and for any reason, and the inmate is not entitled to notice or a hearing concerning the movement. 18 U.S.C. § 4082(b); <u>Grayson v. Rison</u>, 945 F.2d 1064, 1067 (9th Cir. 1991); <u>Ward v. United States Parole Comm'n</u>, 804 F.2d 64, 65 (7th Cir. 1986). Inmates have no right to be

housed in a particular institution. Montayne v. Haymes, 427 U.S. 236 (1978).

Furthermore, the Supreme Court has made clear that, in evaluating detention conditions, the federal courts must not substitute their judgment for that of jail officials: "In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that such considerations are peculiarly within the province and professional expertise of corrections officials, and, *in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts ordinarily should defer to their expert judgment in such matters*." Bell v. Wolfish, 441 U.S. 520, n.23 (1979)(emphasis added). See also Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.").

As outlined in AW Baird's declaration, Mr. Rosas-Leon engaged in a pattern of behavior that included an open disregard of the institution's rules and regulations. His conduct was not only egregious but if he were to be permitted to return he would likely openly flaunt his self-perceived power within the facility. There is no evidence that officials at the MCC exaggerated their response to the issues that Rosas-Leon created. The Bureau of

3

1  Prisons has reasonably exercised its professional expertise in
2  this situation by deciding to transfer Rosas-Leon; this Court
3  should defer to its expert judgment.

4  **B.    Law Library Access Cannot Form the Basis of a Transfer Order**

5  Rosas-Leon's motion asserts that the inmate law library at
6  GEO is inadequate, even though he had never used it when the
7  motion was filed. There is no constitutional requirement that an
8  inmate have absolute access to a prison law library. In <u>Kane v.
9  Espitia</u>, 546 U.S. 9 (2005), the Supreme Court clarified that
10 <u>Faretta v. California</u>, 422 U.S. 806 (1975) did not clearly
11 establish an inmate's law library access right, and neither did
12 any other Supreme Court or appellate case. In <u>Espitia</u>, the
13 Supreme Court held that the Ninth Circuit case that Defendant
14 cites, <u>Bribiesca v. Galaza</u>, 215 F.3d 1015 (9th Cir. 2000),
15 "therefore erred in holding, based on <u>Faretta</u>, that a violation of
16 a law library access right is a basis for federal habeas relief."
17 546 U.S. at 13.

18 In addition, in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the
19 Supreme Court found that <u>Bounds v. Smith</u>, 430 U.S. 817 (1977),
20 "did not create an abstract, freestanding right to a law library
21 or legal assistance"; rather, "the right that <u>Bounds</u> acknowledged
22 was the right of access to the courts." 430 U.S. at 350-51.
23 <u>Lewis</u> also clarified that "an inmate alleging a violation of
24 <u>Bounds</u> must show actual injury" to have standing to allege a
25 deprivation of right to access the courts. <u>Id.</u> at 349.

26 In order to make a "right of access to the courts claim"
27 based on inadequate access to the law library, an inmate must

28                                    4

establish two things: (1) that access was so limited as to be unreasonable; and (2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Rosas-Leon makes neither claim.

Officials may reasonably regulate the time, place, and manner in which the inmate library is used. See Isaac v. Jones, 529 F.Supp. 175, 178-179, (N.D. Illinois 1981), citing Bounds v. Smith, 430 U.S. 817, 830 (1977) and Knell v. Bensinger, 489 F.2d 1014, 1017 (7th Cir. 1973).

The Western Regional Detention Facility at San Diego ("GEO") warden wrote a letter (attached as Exhibit 2) outlining Rosas-Leon's arrival at the facility and access to the law library. The GEO warden indicates that GEO's law library contains recent editions of the Supreme Court Reporter, United States Code, Federal Supplement, and West's Federal Digest on computer. The warden's letter summarizes GEO's operational procedures for library use and indicates that Rosas-Leon spent many hours in the GEO law library on May 6 and May 7, 2008.

Additionally, Mr. Rosas-Leon can enlist his stand-by counsel to supplement his legal research. The record in this case demonstrates that Federal Defenders, Rosas-Leon's standby counsel, have filed multiple motions on his behalf, including this motion for miscellaneous relief. Rosas-Leon has ample resources to prepare for his trial and guarantee his access to the court system: (1) the GEO law library; (2) dozens of hours already spent in the MCC library; and (3) the two veteran attorneys from Federal Defenders who serve as his standby counsel.

**III**

**CONCLUSION**

For the foregoing reasons, the United States of America on behalf of the Metropolitan Correctional Center in San Diego and the United States Marshals Service, submits that this Motion for Miscellaneous Relief be denied.

DATED: May 12, 2008

                                  KAREN P. HEWITT
                                  United States Attorney

***/s/ Christina M. McCall***

CHRISTINA M. McCALL
Assistant U.S. Attorney

6