<u>DECLARATION OF MAUREEN P. BAIRD</u>

I, Maureen P. Baird, hereby declare and state the following:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as an Associate Warden assigned to the Metropolitan Correctional Center in San Diego, California (MCC San Diego). I have been employed by the BOP since March 12, 1989, and as an Associate Warden at MCC San Diego since August 12, 2007. As part of my duties, I supervise the security of the institution and inmates. Additionally, pursuant to my official duties, I have access to records maintained in the ordinary course of business by the BOP.

2. I have been advised that inmate Miguel Rosas-Leon, Register Number 17098-198, filed a motion wherein he challenges his transfer from MCC San Diego to a private contract facility. Specifically, he requests to be returned to MCC San Diego because we have an "extensive law library."

3. On October 20, 2007, Mr. Rosas-Leon was booked into MCC San Diego as a United States Marshals pretrial inmate. This was the third time Mr. Rosas-Leon was confined at MCC San Diego as a pretrial inmate.

4. On April 25, 2008, he was transferred from MCC San Diego because of inappropriate conduct. Specifically, inmate Rosas-Leon was abusing his law library privileges and becoming too familiar with staff and the institution. On one occasion, inmate Rosas-Leon brought an extra pair of shoes to the law library to give to another inmate. When questioned by staff, the inmate readily admitted bringing

|     |     |
| --- | --- |
| 1   | the shoes to another inmate even though this is in violation |
| 2   | of the institution's rule and regulations.  Inmates may not |
| 3   | give other inmates anything of value. |

5. Additionally, his Unit Manager advised me that the inmate was becoming too familiar with staff. He described the inmate as behaving in a cavalier manner, acting with impunity. The Unit Manager was concerned that his conduct would jeopardize the safe and secure operation of the institution; therefore, he recommended the transfer of the inmate.

6. The shoe incident serves as an example of inmate Rosas-Leon's over familiarization with staff. Although staff reported the incident, they failed to take disciplinary action against the inmate. I reminded staff that the inmate's conduct should not have been tolerated and admonished them for permitting the inmate to leave his housing unit with an extra pair of shoes. In addition, staff should have written an incident report concerning the event and placed the inmate in the Special Housing Unit. I, therefore, decided it was necessary to transfer the inmate from the facility. I consulted with the Warden and she agreed.

7. Following his departure from the facility, I was informed that inmate Rosas-Leon had engaged in other inappropriate conduct. Apparently, when he was brought to the law library, he gave a Correctional Officer a note and asked that it be given to a female inmate. (Female inmates are housed on the same floor as the law library.) Since inmates

are not allowed to communicate in writing with one another without prior written approval, the Correctional Officer appropriately refused to take the note and reported the incident to the Lieutenant's Office. Again, however, no action was taken against inmate Rosas-Leon despite the fact that his conduct was inappropriate.

8. Inmate Rosas-Leon's misconduct was particularly egregious since he was provided extra time to be in the inmate law library. Because of limited space and resources, only a few inmates are granted extra law library time. Therefore, his flagrant misconduct cannot be tolerated.

9. Based on the aforementioned, as a Correctional Administrator, it is my opinion that inmate Rosas-Leon should not return to MCC San Diego.

I declare under penalty of perjury in accordance with the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge and belief.

_____          5/8/08
Maureen P. Baird                         Date
Associate Warden
MCC San Diego